**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Denis Yeo, Appellant,

v.

Lexington County Assessor, Respondent.

Appellate Case No. 2019-001867

―――――――――

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

―――――――――

Unpublished Opinion No. 2022-UP-161
Submitted March 1, 2022 – Filed April 6, 2022

―――――――――

**AFFIRMED**

―――――――――

Denis Yeo, of Columbia, pro se.

Jeffrey M. Anderson, of Davis Frawley LLC, of
Lexington, for Respondent.

―――――――――

**PER CURIAM:** Denis Yeo appeals an order of the Administrative Law Court
(ALC) finding his house at a neighboring property (neighboring property) to his
legal residence did not qualify for the four-percent ratio for property tax
assessment pursuant to section 12-43-220(c)(1) of the South Carolina Code (2014
& Supp. 2021). On appeal, Yeo argues the ALC erred in (1) finding neighboring
property did not qualify for the four-percent ratio because it was not on the same

property as his legal residence at a different address (main property); (2) glossing over certain words in section 12-43-220(c)(1); (3) finding neighboring property was not used as a residence; (4) making a clause in section 12-43-220(c)(1) a requirement instead of a concession; (5) failing to consider the legislative history of section 12-43-220(c)(1); (6) summarizing the issue before the court; and (7) finding *Sonoco Products Co. v. South Carolina Department of Revenue*[1] did not resolve the case.

We hold the ALC did not err in finding Yeo was not entitled to the four-percent ratio on neighboring property. Although Yeo owns main property and neighboring property, Yeo resides at main property, not neighboring property. Further, main property and neighboring property are separate properties with different tax map numbers. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 73, 716 S.E.2d 877, 880 (2011) ("Tax appeals to the ALC are subject to the Administrative Procedure Act (APA)."); *id.* at 74, 716 S.E.2d at 881 (stating an appellate court reviews the ALC's decision for errors of law); *id.* ("Questions of statutory interpretation are questions of law, which [an appellate court is] free to decide without any deference to the [ALC]."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id.* ("Under the plain meaning rule, it is not [an appellate court's] place to change the meaning of a clear and unambiguous statute."); *id.* ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and [an appellate] court has no right to impose another meaning."); *Se.-Kusan, Inc. v. S.C. Tax Comm'n*, 276 S.C. 487, 489, 280 S.E.2d 57, 58 (1981) ("As a general rule, tax exemption statutes are strictly construed against the taxpayer."); *id.* ("This rule of strict construction simply means that constitutional and statutory language will not be strained or liberally construed in the taxpayer's favor."); *id.* ("It does not mean that [an appellate court] will search for an interpretation in [an assessor's] favor where the plain and unambiguous language leaves no room for construction."); *id.* at 489-90, 280 S.E.2d at 58 ("Only when the literal application of a statute produces an absurd result will we consider a different meaning."); § 12-43-220(c)(1) ("The legal residence and not more than five acres contiguous thereto, when owned totally or in part in fee or by life estate and occupied by the owner of the interest, and additional dwellings located on the same property and occupied by immediate family members of the owner of the interest, are taxed on an assessment equal to

---

[1] 378 S.C. 385, 662 S.E.2d 599 (2008).

four percent of the fair market value of the property."); *id.* (providing that "[f]or purposes of the assessment ratio allowed pursuant to this item, a residence does not qualify as a legal residence unless the residence is determined to be the domicile of the owner-applicant"); S.C. Code Ann. § 12-43-220(c)(2)(iv) (2014 & Supp. 2021) ("[T]he burden of proof for eligibility for the four percent assessment ratio is on the owner-occupant . . . .").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.